### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **Teamsters Local Union No. 727** | : | |
| **Health & Welfare Fund, by and through its** | : | **Civil Action** |
| **Board of Trustees, John T. Coli, Jr.,** | : | |
| **Stephanie Brinson, Nicholas Micaletti,** | : | |
| **Michael DeGard, Carl S. Tominberg,** | : | |
| **Gregory T. Youmans, Robert Sheehy,** | : | **No. 18 CV 7036** |
| **and John McCarthy, 1300 W. Higgins Road,** | : | |
| **Suite 103, Park Ridge, IL  60068** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Teamsters Local Union No. 727** | : | |
| **Pension Fund, by and through its Board of** | : | |
| **Trustees, John T. Coli, Jr., Stephanie Brinson,** | : | |
| **Nicholas Micaletti, Michael DeGard,** | : | |
| **Carl S. Tominberg, Gregory T. Youmans,** | : | |
| **Robert Sheehy, and John McCarthy,** | : | |
| **1300 W. Higgins Road, Park Ridge, IL  60068** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Teamsters Local Union No. 727 Legal** | : | |
| **& Educational Assistance Fund,** | : | |
| **by and through its Board of Trustees,** | : | |
| **John T. Coli, Jr., Stephanie Brinson,** | : | |
| **Nicholas Micaletti, Michael DeGard,** | : | |
| **Carl S. Tominberg, Gregory T. Youmans,** | : | |
| **Robert Sheehy, and John McCarthy,** | : | |
| **1300 W. Higgins Road, Suite 103,** | : | |
| **Park Ridge, IL 60068** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **Cremation Society of Illinois, Inc.,** | : | |
| **in its own name and  d/b/a Olson** | : | |
| **Burke/Sullivan Funeral and Cremation Center** | : | |
| **6471 N. Northwest Highway, Chicago, IL** | : | |
| **60631 and 17859 Bretz Drive, Homewood, IL** | : | |
| **60430** | : | |

|                                                                                                                                                                                                                                                   |   |
| --- | --- |
| **and**                                                                                                                                                                                                                                           | : |
|                                                                                                                                                                                                                                                   | : |
| **Sullivan Olson, Inc., in its own name and d/b/a Cremation Society of Illinois, Inc. and as Olson Burke/Sullivan Funeral and Cremation Center, 6471 N. Northwest Highway, Chicago, IL 60631 and 17859 Bretz Highway, Homewood, IL 60430,**        | : |
|                                                                                                                                                                                                                                                   | : |
| **Defendants.**                                                                                                                                                                                                                                   | : |

## COMPLAINT

## INTRODUCTION

Plaintiffs, Teamsters Local Union No. 727 Health and Welfare Fund, Teamsters Local Union No. 727 Pension Fund and Teamsters Local Union No. 727 Legal and Educational Assistance Fund, by and through their respective Boards of Trustees, (collectively, the "Funds") bring this action against Defendants Cremation Society of Illinois, Inc. in its own name and d/b/a Olson Burke/Sullivan Funeral and Cremation Center and against Sullivan Olson, Inc., in its own name and d/b/a Cremation Society of Illinois, Inc. and Olson Burke/Sullivan Funeral and Cremation Center (collectively the "Defendants"), pursuant to the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145. Plaintiffs seek an order directing Defendant to comply with an audit of the books and records for its employees who performed bargaining unit work from January 1, 2013 to date; to pay any delinquent contributions found by the audit to be owed to the Funds and that may become due during the pendency of this litigation, plus interest, liquidated damages, audit costs, and attorneys' fees and costs, and any other amounts permitted in equity or by law.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a); and sections 502(a)(3), 502(e)(1), 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(g)(2) and 1145.

2.      The Defendants in this action are located in Cook County.  Therefore, jurisdiction in the Eastern Division of the U.S. District Court for the Northern District of Illinois is appropriate.

3.      Venue is proper in this District pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a); section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff Teamsters Local Union No. 727 Health & Welfare Fund ("Welfare Fund") is a jointly administered multi-employer welfare plan within the meaning of section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and §§ 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002 and (37)(A).  The Welfare Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL  60068.

5.      The Welfare Fund is administered by a Board of Trustees ("Trustees") in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing health care benefits to its participants and defraying the reasonable expenses of administering the welfare plan, in accordance with section 404 of ERISA, 29 U.S.C. § 1104. The Welfare Fund receives contributions from employers that are parties to a Collective Bargaining Agreement ("CBA") with the Teamsters Local Union No. 727 ("Teamsters Union").  The CBA obligates signatory employers to make contributions to the Welfare Fund.

6.      Plaintiffs John T. Coli, Jr., Stephanie Brinson, Nicholas Micaletti, Michael DeGard, Carl S. Tominberg, Gregory T. Youmans, Robert Sheehy, and John McCarthy are Trustees of the Welfare Fund pursuant to the Welfare Fund's Agreement and Declaration of Trust ("Welfare Fund Trust Agreement").  (Exhibit A, Welfare Fund Trust Agreement.)  The Welfare Fund Trustees are fiduciaries of the Welfare Fund, as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  Their business address as Trustees of the Welfare Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL  60068.

7.      Plaintiff Teamsters Local Union No. 727 Pension Fund ("Pension Fund") is a jointly administered multi-employer employee benefit plan within the meaning of section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and §§ 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002 and (37)(A). The Pension Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

8.      The Pension Fund is administered by a Board of Trustees ("Trustees") in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing retirement benefits to its participants and defraying the reasonable expenses of administering the retirement plan, in accordance with section 404 of ERISA, 29 U.S.C. §1104. The Pension Fund receives contributions from employers that are parties to a CBA with the Teamsters Union.  The CBA obligates signatory employers to make contributions to the Pension Fund.

9.      Plaintiffs John T. Coli, Jr., Stephanie Brinson, Nicholas Micaletti, Michael DeGard, Carl S. Tominberg, Gregory T. Youmans, Robert Sheehy, and John McCarthy are Trustees of the Pension Fund pursuant to the Pension Fund's Agreement and Declaration of Trust ("Pension Fund Trust Agreement").  (Exhibit B, Pension Fund Trust Agreement.)  The

Trustees are fiduciaries of the Pension Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Their business address as Trustees of the Pension Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

10.     Plaintiff Teamsters Local Union No. 727 Legal and Educational Assistance Fund ("L&E Fund"), is a jointly-administered, multi-employer employee benefit fund within the meaning of section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and sections 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002 and (37)(A). The L&E Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

11.     The L&E Fund is administered by a Board of Trustees ("Trustees") and exists for the exclusive purpose of providing legal and educational assistance to its participants and defraying the reasonable expenses of administering the L&E Fund, in accordance with section 404 of ERISA, 29 U.S.C. § 1104. The L&E Fund receives contributions from employers that are parties to a CBA with the Teamsters Union. The CBA obligates signatory employers to make contributions to the L&E Fund.

12.     Plaintiffs John T. Coli, Jr., Stephanie Brinson, Nicholas Micaletti, Michael DeGard, Carl S. Tominberg, Gregory T. Youmans, Robert Sheehy, and John McCarthy are Trustees of the L&E Fund pursuant to the L&E Fund's Agreement and Declaration of Trust ("L&E Fund Trust Agreement"). (Exhibit C, L&E Fund Trust Agreement.) The Trustees are fiduciaries of the L&E Fund, as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Their business address as Trustees of the L&E Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

13.     Defendant Cremation Society of Illinois, Inc. ("Cremation Society") is a corporation doing business in Chicago, Illinois and Homewood, Illinois. This Defendant also

5

does business as Olson Burke/Sullivan Funeral and Cremation Center. Cremation Society is an

employer within the meaning of section 301(a) of the LMRA, 29 U.S.C. § 185(a) and section

3(5) of ERISA, 29 U.S.C. § 1002(5).  Cremation Society conducts business at 6471 N.

Northwest Highway, Chicago, IL 60631 and, upon information and belief, at 17859 Bretz Drive,

Homewood, IL 60430.

14.     Defendant Sullivan Olson, Inc. ("Sullivan Olson"), currently d/b/a Cremation

Society of Illinois, Inc. was a corporation doing business in Chicago, IL and Homewood, IL and

an employer within the meaning of section 301(a) of the LMRA, 29 U.S.C. § 185(a) and section

3(5) of ERISA, 29 U.S.C. § 1002(5).  Cremation Society purchased Sullivan Olson in 2013 and

the companies merged in April 2014 to form a single employer.  Upon information and belief,

Sullivan Olson and Cremation Society also do business as Olson Burke/Sullivan Funeral and

Cremation Center.  Sullivan Olson and Cremation Society conduct business at 6471 N.

Northwest Highway, Chicago, IL 60631 and, upon information and belief, at 17859 Bretz Drive,

Homewood, IL 60430.

## RELATIONSHIP OF THE PARTIES

15.     The Teamsters Union and Sullivan Olson have been parties to successive CBAs

since October, 2003 by virtue of Sullivan Olson executing a Compliance Agreement with the

Teamsters Union.  By its execution of the Compliance Agreement, Sullivan Olson agreed to be

bound by the terms and conditions of the Funeral Directors Association of Greater Chicago's

Collective Bargaining Agreement ("CBA" or "Master Agreement") with the Teamsters Union.

(Exhibit D, Compliance Agreement; Exhibit E, Funeral Directors Association of Greater Chicago

CBA.)

16.     Defendant Cremation Society purchased Sullivan Olson in 2013 and in April, 2014, merged it into its group of companies, including Olson Burke/Sullivan Funeral and Cremation Center ("Olson Burke/Sullivan").

17.     Upon information and belief, Gerald Sullivan and his family own, operate and are officers of Cremation Society and Olson Burke/Sullivan.

18.     After the merger of Sullivan Olson and Cremation Society, Sullivan Olson filed suit in the U.S. District Court for the Northern District of Illinois seeking a declaratory judgment that it had lawfully repudiated its CBA with the Teamsters Union.  The Teamsters Union counter-sued asserting that Sullivan Olson was still a party to the CBA and that Sullivan Olson and the Cremation Society were a single employer.  *Sullivan Olson, Inc. v. International Brotherhood of Teamsters Local 727*, 2016 U.S. Dist. LEXIS 42873 (N.D. Ill. March 31, 2016).

19.     The District Court entered judgment in favor of the Teamsters Union ruling that the Defendants are a single employer and that they were a single employer prior to the April 2014 merger.  *Id.*

20.     Sullivan Olson appealed the District Court's decision to the Seventh Circuit Court of Appeals.  The Seventh Circuit affirmed the District Court's decision.  *Cremation Society of Illinois v. International Brotherhood of Teamsters Local 727*, 869 F.3d 610 (7th Cir. 2017).

21.     Both Courts held that because the Defendants were a single employer, they could not repudiate the CBA under the "one-man rule."

22.     Consequently, Sullivan Olson is a party to the Master Agreement and has been a party to a Master Agreement since it executed the Compliance Agreement in October 2003.

## DEFENDANTS' CONTRIBUTION OBLIGATIONS

23.     Article 10 of the CBA sets forth an employer's obligation to make monthly

contributions to the Welfare Fund, Pension Fund and L&R Fund. (Exhibit E, pp. 12-17.)

24.     In addition to paying the contributions owed to each Fund, the CBA requires

employers to submit remittance reports when submitting contributions to the Funds.  (Exhibit E,

Article 10, Section 10.11(b).)

25.     The Funds' respective Trust Agreements includes a provision for the collection of

delinquent contributions which states as follows:

> The Trustees may compel and enforce the payment of Contributions in any
> manner which they deem proper but without limitation upon any rights and
> privileges the Union may have in this connection.

(Exhibit A, Welfare Fund Trust Agreement, p. 19; Exhibit B, Pension Fund Trust Agreement, p.
18; Exhibit C, L&E Fund, pp. 18-19.)

26.      Consistent with each Funds' Trust Agreement, the Trustees of the

respective Funds adopted a "Statement of Collection Procedures" which imposes interest,

liquidated damages, audit fees and attorneys' fees and costs on delinquent contributions.

(Exhibit F, 2014 Statement of Collection Procedures, Teamsters Local Union No. 727 Benefit

Funds; Exhibit G, 2007 Statement of Collection Procedures, Teamsters Local Union No. 727

Benefit Funds.)

## DEFENDANTS' AUDIT OBLIGATIONS

27.     The Welfare Fund, Pension Fund and L&E Fund's respective Trust Agreements

include the following provision setting forth an employer's obligation to produce certain

information and records in connection with a payroll audit:

> Each Employer and its affiliated or related companies or businesses shall
> furnish to the Trustees on demand the name of all employees, their Social
> Security numbers, the time worked by each employee, the Contributions due

> or payable to the Trust fund, and such other information, including cash
> journals, wage and payroll records, income tax records, and other business
> records, as the Trustees or their agents may reasonably require in connection
> with the administration of the Trust. The Trustees, or their authorized
> representative, shall have the right to examine and audit the pertinent books
> and records (as determined by the Trustees) of each Employer and its
> affiliated or related companies whenever such examination is deemed
> necessary or advisable by the Trustees in connection with the proper
> administration of the Trust. All Employers shall annually furnish to the
> Trustees, if requested by them, a statement showing whether (a) the Employer
> is a corporation and the names of all of its officers and shareholders (and the
> percentage of stock held by each) or (b) if not a corporation, a statement
> showing that it is a partnership or an individual proprietorship and furnishing
> the names of the partners or the names of the individual proprietor.

(Exhibit A, pp. 20-21; Exhibit B, pp. 20-21; and Exhibit C, p. 19.)

**ERISA ENFORCEMENT**

28.    Section 404 of ERISA, 29 U.S.C. § 1104 imposes a duty on trustees to determine

the contributions owed to the plan, as well as a responsibility to assure full and prompt collection

of all contributions owed to the plan.

29.    Section 515 of ERISA, 29 U.S.C. § 1145, states that "[e]very employer who is

obligated to make contributions to a multi-employer plan under the terms of the plan or under the

terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make

such contributions in accordance with the terms and conditions of such plan or such agreement."

30.    Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), further provides that "[i]n

any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in

which a judgment in favor of the plan is awarded, the court shall award the plan – (A) the unpaid

contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of (i)

interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an

amount not in excess of 20% (or such higher percentage as may be permitted under Federal or

State law) of the amount determined by the court under subparagraph (A), (D) reasonable

attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate."

## COUNT I
## DEFENDANTS' FAILURE TO COMPLY WITH PAYROLL AUDIT AND PAY CONTRIBUTIONS TO THE FUNDS ON BEHALF OF EMPLOYEES PERFORMING <u>BARGAINING UNIT WORK</u>

31.     Plaintiffs incorporate by reference paragraphs 1 through 30 above as though fully set forth herein.

32.     Confirmation of the hours reported and the correct amount of contributions owed, can only be achieved by an audit of an employer's books and records.

33.     Cremation Society purchased Sullivan Olson in 2013 and in April, 2014, merged it into its group of companies; therefore, as a matter of law, the companies are a single employer and were a single employer before the merger.

34.     Neither Sullivan Olson nor Cremation Society has submitted remittance reports or paid contributions to the Funds since at least January 1, 2013.

35.     Under Illinois law, creditors may sue a dissolved company on debts up to five (5) years after the company's dissolution.  *See 805 ILCS 5/12.80.*

36.     Upon information and belief, Cremation Society and/or Sullivan Olson are also conducting business as Olson Burke/Sullivan.

37.     Because Sullivan Olson and Cremation Society are a single employer, Cremation Society is obligated pursuant to the CBA, Trust Agreements, and collection policies and procedures to permit the Funds to audit its records, the records of Sullivan Olson, and the records of Olson Burke/Sullivan - the company under which both Defendants conduct business, so that the Funds may determine whether employed have performed bargaining unit work under the CBA and whether contributions are owed to the Funds for such work.

38.     The Funds' have attempted on more than one occasion to schedule an audit without success.  Cremation Society has expressly refused to allow the audit to be conducted.

39.     Cremation Society and Sullivan Olson are a single employer and parties to the CBA.  As such, they are obligated to produce the books and records necessary to conduct the audit.

40.     Further, because Cremation Society and/or Sullivan Olson also conduct business as Olson Burke/Sullivan, the books and records of Olson Burke/Sullivan must also be made available for the audit.

**WHEREFORE**, the Plaintiffs pray that the Court enters judgment in their favor and issues an order as follows:

    a.     Declaring that the Defendants are bound by the Collective Bargaining Agreement between the Funeral Directors Association of Greater Chicago and the Teamsters Union and the contribution provisions therein

    b.     Directing Defendants to submit to, and cooperate with, a payroll audit of the books and records of Cremation Society, Sullivan Olson and Olson Burke/Sullivan for employees who performed work covered by the CBA for the period January 1, 2013 to the present;

    c.     Directing Defendants, jointly and severally, to pay any contributions found by the audit to be due and owing to the Funds, plus interest, liquidated damages, audit fees and attorneys' fees and costs; and

    b.      Awarding any other relief that the Court deems just and appropriate.

Respectfully submitted,

WILLIG, WILLIAMS & DAVIDSON

  s/ Linda M. Martin
LINDA M. MARTIN, ESQUIRE
JESSICA R. BROWN, ESQUIRE
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
LMM Office   (215) 656-3665
LMM Email   lmartin@wwdlaw.com
JRB Office    (215) 656-3629
Facsimile     (215) 561-5135
Email          jbrown@wwdlaw.com


ILLINOIS ADVOCATES, LLC

   s/  William M. Tasch
WILLIAM M. TASCH, ESQUIRE
77 W. Washington Street, Suite 2120
Chicago, IL  60602
Office          (312) 818-6700
Facsimile     (312) 492-4804
Email          William.Tasch@iladvocates.com

*Counsel to Plaintiffs Teamsters Local Union No.
727 Welfare Fund, Teamsters Local Union No. 727
Pension Fund, Teamsters Local Union No. 727
L&E  Fund, and their Boards of Trustees*

## CERTIFICATE OF SERVICE

I, Linda M. Martin, Esquire, hereby certify that I have this __ day of October, 2018 forwarded a copy of the Complaint and exhibits in the foregoing matter to the persons listed below, by certified mail, postage prepaid, United States Postal Service:

R. Alexander Acosta, Secretary
U.S. Department of Labor
Office of Public Affairs
200 Constitution Ave., N.W.
Room S-1032
Washington, DC 20210

Steven T. Mnuchin, Secretary
United States Department of Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

_____s/ Linda M. Martin_____
LINDA M. MARTIN, ESQUIRE

13